# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

**DANYALE DEWITT GILL**,

    Petitioner,

v.

**MARK NOOTH**,

    Respondent.

Case No. 2:14-cv-0639-JE

**ORDER ADOPTING FINDINGS AND RECOMMENDATION**

**Michael H. Simon, District Judge.**

United States Magistrate Judge John Jelderks issued Findings and Recommendation (F&R) in this case on August 22, 2018. ECF 102. Judge Jelderks recommended that Petitioner's Petition for Writ of Habeas Corpus be denied with prejudice. Judge Jelderks also recommended that this Court should decline to issue a certificate of appealability on the basis that the petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations,

"the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review de novo magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Petitioner timely filed an objection (ECF 104), to which Respondent responded (ECF 105). The Court has reviewed *de novo* the F&R, the briefing of the parties before Judge Jelderks, the objections to the F&R, and the response thereto. The Court agrees with Judge Jelderks's reasoning regarding the Petition for a Writ of Habeas Corpus and ADOPTS those portions of the F&R to which Petitioner objected, as supplemented herein.

Petitioner objects that Judge Jelderks misconstrued Petitioner's notice argument as an argument that he lacked notice that he could be resentenced as a Dangerous Offender on remand. Petitioner asserts that he instead argued that he lacked notice that he could be sentenced as a Dangerous Offender in the original proceedings. Either way, Petitioner's notice claim fails.

As relevant here, under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal court considering a habeas application of a person in custody pursuant to the judgment of a state court may not grant that application with respect to any claim that was adjudicated on the merits in state court proceedings unless the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. 2254(d)(1). The Supreme Court has determined that an "unreasonable" application of clearly established federal law for purposes of AEDPA must be "objectively unreasonable." *Williams v. Taylor*, 529 U.S. 362, 409 (2000).

There is no clearly established federal law, as determined by the Supreme Court, requiring that an indictment allege sentencing factors. In Oregon, "the legislature has provided that a prosecutor need not plead sentence enhancement facts in the indictment." *State v. Reinke*, 309 P.3d 1059, 1067 (Or. 2013). Petitioner's counsel was informed months before trial that the prosecution intended to seek a Dangerous Offender enhancement. Thus, Petitioner had sufficient notice before the original proceedings. And, as Judge Jelderks found, Petitioner had ample notice that the state intended to resentence him as a Dangerous Offender on remand, because he had previously been sentenced as a Dangerous Offender. Petitioner has pointed to no relevant Supreme Court authority to support his claim that this notice is insufficient. Thus, Petitioner's Sixth Amendment notice claim must fail.

For those portions of Judge Jelderks's F&R to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent and the Court adopts those portions of the F&R.

**CONCLUSION**

The Court ADOPTS Judge Jelderks's Findings and Recommendation (ECF 102), as supplemented herein. Petitioner's habeas corpus petition (ECF 2) is DENIED. The Court declines to issue a Certificate of Appealability on Petitioner's claims because Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

DATED this 1st day of October, 2018.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge